No. 2172

Second Circuit Appeal

---

EULICE P. BORDELON v. CHARLES LINZAY, ET AL.

---

(June 6, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62.**
A petition which alleges that the lessor and justice of the peace colluded and conspired together to use the office of magistrate to intimidate and oppress an ignorant tenant and by threats forced him to leave the leased premises, states a cause of action against which an exception no cause of action will be dismissed.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

This is a suit for damages by a plaintiff, lessee, against the lessor and justice of the peace for illegally intimidating plaintiff to leave the leased premises. Defendants filed an exception no cause of action which was maintained. Plaintiff appealed.

Judgment reversed and case remanded to be proceeded with according to law.

Gus A. Voltz, of Alexandria, attorney for plaintiff, appellant.

T. F. Hunter, of Alexandria, attorney for defendant, appellee.

ODOM, J. This is a suit for damages by the plaintiff, Eulice P. Bordelon, against Charles Linzay, lessor, and Percy Irion, a justice of the peace, for illegally intimidating plaintiff, lessee, to leave the leased premises.

In the year 1922 the plaintiff leased land from the defendant, Charles Linzay, and made a crop of cotton and corn thereon during that year.

He alleged that on the 9th day of October of that year, before he had gathered his crop and before the expiration of the lease, Linzay, the lessor, ordered him to appear before Percy Irion, a justice of the peace, at Cheneyville, Louisiana.

He alleges that there was no suit filed against him by the said Charles Linzay, lessor, but that said Linzay and said Percy Irion, justice of the peace, colluded and conspired together to perpetrate a fraud upon him and to intimidate him; that he was notified to appear before said justice of the peace on October 11 and that he did appear and was then confronted by said Charles Linzay and that while said Irion, justice of the peace, was

present, said Linzay conducted the proceedings with the consent and approval of said Irion; that none of the formalities of law were complied with, no witnesses sworn; and that he was given no opportunity to defend himself, and that when he requested information from the said Irion, the magistrate, as to the nature of the proceeding, said magistrate informed him that it was none of his business; that he was finally told by the justice of the peace that there was judgment against him and he was then and there told by both the magistrate and the lessor that he would have to vacate said Linzay's premises at once or not later than October 16, 1922, or his furniture and other property would be thrown into the public highway.

That during the said trial "all forms of intimidation toward him were used by the said Charles Linzay and said Percy Irion" and "having been ordered and threatened by the said Charles Linzay and the said Percy Irion to remove from the premises at once, your petitioner proceeded to move off of the said Charles Linzay's premises".

And he further alleges that whereas he was told by the justice of the peace that there was judgment against him and that he must move at once, he sets up that no service of papers whatever was made on him and that the pretended trial was no trial at all and that the said Charles Linzay and the said Percy Irion had colluded and conspired to use and did use the office of justice of the peace to intimidate your petitioner.

And he especially alleges, in paragraph 13 of his petition, that he is an illiterate and ignorant man, and that having been so threatened by said justice of the peace and the said Linzay he moved from the premises of said Linzay immediately after said pretended and fraudulent trial

on October 11, 1922, and that the forcing him to move has caused him great damage.

Both defendants tendered exceptions of no cause and no right of action, which were sustained by the lower court and his suit dismissed. Plaintiff has appealed.

We think the lower court erred in holding that plaintiff's petition sets out no cause of action. Taking plaintiff's allegations as true, which we must do for the purposes of the exception, the defendant, Linzay, had no right to demand possession of the leased premises for the reason that the term of the lease had not expired and the crops had not been gathered. The most that he could demand was that his lessee, the plaintiff here, give up the leased premises when the crops were harvested, and not then if harvested prior to the end of the year, unless there was an understanding to that effect.

And as to the defendant, Irion, justice of the peace, he had no right to proceed without having served notice on the lessee.

But it is alleged that these defendants conspired and colluded together to intimidate the lesee, plaintiff here, and that they did use the office of justice of the peace to intimidate him and that without observing the ordinary and essential rules of practice the justice of the peace informed plaintiff that there was judgment against him and that both defendants told him that he must get off Linzay's premises at once and that if he failed to do so his goods would be thrown into the public highway.

According to plaintiff's allegations, which we must take as true, there was a gross and flagrant prostitution of the office of magistrate, and plaintiff specifically alleges that on account of these illegal proceedings and on account of the threats and intimidations of both Linzay and the justice of the peace, Irion, he did leave the

premises and that he was thereby damaged.

Plaintiff alleges that he was not even permitted to defend himself and that when he asked for information as to the proceedings he was told by the magistrate that it was none of his business.

Plaintiff alleges that he is illiterate and ignorant and that upon being so threatened he moved and that he has been damaged and he now seeks to recover the amount thereof.

We think that if the lessor and justice of the peace colluded and conspired together to use the office of magistrate to intimidate and oppress an ignorant tenant and by threats forced him to leave the leased premises, they should pay whatever amount the lessee was damaged on account thereof.

Counsel for defendants urges that the lessee should have appealed from the judgment and because he did not appeal he has no remedy. But if his allegations are true, there was no judgment from which to appeal. We do not agree with counsel on this point.

According to plaintiff's allegations, he has been damaged and his damage resulted from a conspiracy between defendants to illegally eject him by using the office of justice of the peace.

We think the petition sets out a cause of action.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed, that the exceptions of no cause of action and no right of action filed by each of the defendants be overruled, and that this case be reinstated on the docket of the Ninth Judicial District Court of Louisiana, formerly the Thirteenth Judicial District, for the Parish of Rapides, and be proceeded with according to law.

The costs of this appeal to be paid by defendant; all other costs to await the final result.